# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2012

No. 12-30646
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY R. SCHOEMANN, SR.,

Plaintiff - Appellant

v.

F. DOUGLAS MURRELL,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 2:09-CV-802

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

The district court granted summary judgment for the Defendant-Appellee, F. Douglas Murrell, on the ground that Plaintiff-Appellant Rodney R. Schoemann, Sr.'s negligent misrepresentation claim against Murrell was prescribed by Louisiana's one-year statute of limitations. Schoemann appeals, arguing that there is a genuine issue of material fact as to whether he knew or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have known of Murrell's alleged misrepresentation more than one year before he filed suit against Murrell.

The alleged misrepresentation was made in connection with Murrell's sale of stock to Schoemann in 2004. Schoemann alleged that Murrell negligently misrepresented that Murrell's son ran the company, that Murrell was not affiliated with the company, and that the stock was, therefore, "freely tradable." Schoemann sought to recover from Murrell over $400,000 in attorneys' fees that he incurred during a Securities and Exchange Commission (SEC) investigation and administrative proceeding.

In opposition to Murrell's motion for summary judgment, Schoemann contended that he first discovered the alleged misrepresentation on February 7, 2008, when he read the SEC's complaint against Murrell, and that his complaint, filed on January 29, 2009, was therefore timely filed.

The district court held that the prescriptive period commenced in 2007, when Schoemann first sustained the damages that he claims (attorneys' fees). The district court concluded that Schoemann knew, or could with reasonable diligence have learned, about the alleged misrepresentation more than one year before he filed his complaint. As the district court noted, on August 16, 2007, in a document filed with the SEC, Schoemann argued that the stock he purchased from Murrell, and later sold, was freely tradable because Murrell was not affiliated with the company and Murrell's son independently ran the company. The district court concluded that it was thus evident that Schoemann knew, as of August 2007, that the SEC questioned Murrell's representations regarding his relationship to the company.

Based on our review of the record and briefs, we hold that the district court did not err by concluding that Schoemann knew or should have known about his cause of action in 2007, and that his claims were prescribed by the time he filed suit against Murrell in 2009. Accordingly, the summary judgment

No. 12-30646

in favor of Murrell is AFFIRMED, essentially for the reasons stated by the district court.

AFFIRMED.